**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Juan Marruffo,
    Petitioner

vs.                                    Case No. 1:04cv224
                                         (Spiegel, S.J.; Hogan, M.J.)

Tim Brunsman,[1]
    Respondent

**REPORT AND RECOMMENDATION**

      Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's "Answer/Return of Writ" (Doc. 4), and petitioner's reply to the return of writ (Doc. 5).

**Procedural Background**

      On January 31, 2002, petitioner was indicted by the Butler County, Ohio, grand jury on one count of trafficking in marijuana "in an amount greater than twenty-

---

[1] In the petition, petitioner properly named as respondent James Erwin, who was then Warden of the Chillicothe Correctional Institution (CCI), where petitioner is incarcerated. However, since the time petitioner instituted this action, Tim Brunsman has replaced James Erwin as CCI's Warden. Because Tim Brunsman is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

thousand grams," in violation Ohio Rev. Code § 2925.03(A)(1).[2] (Doc. 4, Ex. 1). Following a jury trial, petitioner was found guilty as charged. On June 24, 2002, he was sentenced to a mandatory eight (8) year prison term, followed by mandatory post-release control "up to a maximum of 5 years." (*Id.,* Ex. 2).

With the assistance of his trial counsel, petitioner filed a timely notice of appeal. (*Id.,* Ex. 4). Thereafter, new counsel entered an appearance on petitioner's behalf and filed a brief with the Ohio Court of Appeals, Twelfth Appellate District, alleging as the sole assignment of error that "[t]he trial court erred to the prejudice of defendant-appellant when it instructed the jury on aiding and abetting the sale of marijuana in addition to an instruction regarding the sale or offer to sell marijuana." (*Id.,* Exs. 5, 6). On July 21, 2003, the Ohio Court of Appeals issued a Judgment Entry overruling the assignment of error and affirming the trial court's judgment. (*Id.,* Ex. 8).

Proceeding *pro se*, petitioner next filed a motion to certify conflict and a motion for "Leave To File Delayed Motion For Application For Reconsideration; Application For Reopening" with the Ohio Court of Appeals. (*Id.,* Exs. 9, 10). In separate entries issued September 17, 2003, the Court of Appeals denied petitioner's motion to certify conflict and "motion for leave to file application for reconsideration out-of-time." (*Id.,* Exs. 11, 12). On November 12, 2003, the Court of Appeals also denied petitioner's application for reopening. (*Id.,* Ex. 16). It appears from the record that petitioner did not seek to appeal these rulings to the Ohio Supreme Court. (*See id.,* Brief, p. 3).

However, while these post-appeal motions were pending before the Ohio Court of Appeals for ruling, petitioner did attempt to appeal the Ohio Court of Appeals' July 21, 2003 direct appeal decision by filing *pro se* a notice of appeal and memorandum in support of jurisdiction with the Ohio Supreme Court. (*Id.,* Exs. 13, 14). In his memorandum in support jurisdiction, petitioner asserted as the sole proposition of law that "the State failed to adduce any evidence with respect to a material element of a principal offender, or aider and abettor, to proceed to a judgment of guilty, resulting in a violation of the Fifth and Sixth Amendments to the United States Constitution as well as Article I, Section 10 of the Ohio Constitution." (*Id.,* Ex. 14, p. 5). On

---

[2]The indictment also charged a co-defendant with one count of trafficking in marijuana and one count of possession of marijuana. (*See* Doc. 4, Ex. 1).

2

November 19, 2003, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 15).

On December 19, 2003, petitioner filed a *pro se* petition for new trial with the Butler County Common Pleas Court, raising the same claim of error that he had asserted on direct appeal to the Ohio Court of Appeals. (*See id.,* Ex. 17). The trial court denied the motion on February 9, 2004. (*Id.,* Ex. 18). Respondent states "[t]here was no further appeal from this decision." (*Id.,* Brief, p. 5).

On December 19, 2003, petitioner also apparently filed a *pro se* motion to vacate sentence with the Butler County Common Pleas Court, "requesting that the ... sentence previously imposed . . . be set aside due to non-compliance with the felony sentencing statutes (commonly referred to as 'Am.Sub. Senate Bill 2'), and that a new sentence be imposed." (*See id.,* Ex. 19). That motion was denied on February 9, 2004 as well, on the ground that the claim "could have been raised on appeal as of right, but since it was not, it is res judicata and barred from post-conviction consideration." (*Id.*). Respondent states "[t]here was no further appeal from this decision." (*Id.,* Brief., p. 5).

The instant federal habeas corpus petition, signed by petitioner on January 24, 2004 and stamped as "received" on both January 26 and February 12, 2004, was officially "filed" on March 26, 2004. (Doc. 1). Petitioner asserts three grounds for relief:

> **Ground One:** Conviction obtained by use of evidence to an unlawful arrest.
>
> **Ground Two:** Conviction by a violation of self-incrimination, 5th Amend. U.S. Constit.
>
> **Ground Three:** Ineffective assistance of counsel.

(*Id.*, pp. 5-6).

In the return of writ, respondent concedes that the petition is not barred from review on statute of limitations grounds. (*See* Doc. 4, Brief, p. 5). He contends, however, that after exhausting all available state court remedies, petitioner has waived

3

all of his grounds for habeas relief as a result of his procedural defaults in the state courts.  (*Id.,* Brief, pp. 6-16).

## OPINION

### The Petition Should Be Dismissed With Prejudice Because Petitioner Has Waived All Of His Grounds For Relief Due To His State Procedural Defaults

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If the petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived.  *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).  If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice."  *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent points out (*see* Doc. 4, Brief, pp. 14-15), petitioner committed a procedural default with respect to the claims alleged in Grounds One and Two of the petition, and to the extent he alleges his trial counsel was ineffective in Ground Three of the petition, because he *never* raised these claims to the state courts either on direct appeal or in any of the post-appeal motions filed with the Ohio Court of Appeals and the trial court. (*See* Doc. 4, Exs. 6, 9, 10, 17, 19). Moreover, petitioner committed another procedural default to the extent he alleges in Ground Three of the petition that his counsel on direct appeal was ineffective. Although petitioner generally alleged in his motion for "leave to file delayed motion for application for reconsideration; application for reopening" that his appellate counsel was ineffective (*see id.,* Ex. 10), he committed a procedural default because he did not appeal further from the Ohio Court of Appeals' denial of those motions to the Ohio Supreme Court.[3]

Because petitioner thus procedurally defaulted his grounds for federal habeas relief in the state courts, this Court concludes that he has waived such claims unless he can show cause for the defaults and actual prejudice as a result of the alleged errors, or demonstrates that failure to consider his claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has not shown "cause" for his defaults. He also has not demonstrated that a fundamental miscarriage of justice will occur or in other words, that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the charged drug trafficking offense, if his procedurally-defaulted claims for relief are not addressed on the merits by this Court. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Accordingly, in the absence of a showing of "cause" or that a fundamental miscarriage of justice will occur if petitioner's claims are not considered by this Court, the Court RECOMMENDS that petitioner's petition for writ of habeas corpus be DISMISSED with prejudice on the procedural ground that petitioner has waived all

---

[3] It is noted that petitioner alternatively defaulted the ineffective assistance of appellate counsel claim alleged in Ground Three of the petition because the Ohio Court of Appeals relied on the firmly established, regularly followed, adequate and independent state ground of *res judicata* in denying petitioner's application to reopen the appeal (*see* Doc. 4, Ex. 16). *See also Harris,* 489 U.S. at 260-62; *State v. Perry,* 226 N.E.2d 104 (Ohio 1967).

5

his claims for relief due to his procedural defaults in the state courts.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's *pro se* petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice.

2. A certificate of appealability should not issue with respect to any Order adopting this Court's Report and Recommendation to dismiss the petition with prejudice on procedural waiver grounds, because under the first prong of the applicable two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation to dismiss the petition on procedural waiver grounds would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  5/30/2006           s/Timothy S. Hogan
   cbc          Timothy S. Hogan
         United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\04-224denypet.waiver.wpd

---

[4] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims in the petition. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Juan Marruffo,

     Petitioner,

                                                                    Case No. 1:04cv224

       v.                                               (Spiegel, S.J.; Hogan, M.J.)

Tim Brunsman,

     Respondent.

## NOTICE

      Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:04 cv 224 Doc. 6

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Juan Marruffo<br>#428-440<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 2078 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835